UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS WILLIAMS,<br><br>              Plaintiff,<br><br>        v.<br><br>SERGIO JIMENEZ, et al.,<br><br>              Defendants. | Case No.  1:26-cv-00083-HBK<br><br>ORDER TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Lucas Williams proceeds pro se on his civil rights complaint filed on January 6, 2026.  (Doc. 1).  The undersigned recommends that this action be dismissed without prejudice due to Plaintiff's failure to prosecute and keep the Court informed of his current address of record.

BACKGROUND

Plaintiff filed an application to proceed *in forma pauperis* ("IFP") on January 6, 2026. (Doc. 2).  Because Plaintiff's application lacked sufficient information, the Court issued an order on January 9, 2026, deferring its ruling and directing Plaintiff to either pay the $405 filing fee or to submit the enclosed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239.  (*Id.*).  On March 2, 2026, the Court issued an order to show cause after Plaintiff failed to timely pay the $405 filing fee, submit the Long Form IFP application, or otherwise respond to the January 9, 2026 Order.  (Doc. 4).

On March 23, 2026 and March 30, 2026, the January 9, 2026 order and March 2, 2026 order to show cause were respectively returned as "undeliverable."

APPLICABLE LAW AND ANALYSIS

Local Rules require pro se litigants to keep the Court informed of his/her current address. Specifically,

> A party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty days (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

E.D. Cal. Local Rule 183(b); *see also* Local Rule 182(f) (imposing a continuing duty to notify the Clerk of any change of address.).

Precedent supports dismissal where a litigant fails to keep the court informed of his address. *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (affirming dismissal without prejudice where pro se plaintiff failed to comply with local rule requiring address updates); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal proper for failure to prosecute and comply with local rules of court); *Hanley v. Opinski*, 2018 WL 3388510 (E.D. Ca. July 10, 2018); *Davis v. Kern Valley State Prison*, No. 1:22-CV-1489-JLT-EPG (PC), 2023 WL 2992980, at *1, fn. 1 (E.D. Cal. Apr. 18, 2023).

Plaintiff's notice of change of address was due no later than April 22, 2026. As of the date of these Findings and Recommendation, Plaintiff has not filed a notice of change of address, and more than thirty (30) days have passed since the January 9, 2026 order was returned as undeliverable.

Accordingly, it is ORDERED:

The Clerk of Court shall randomly assign a district judge to this case for purposes of these Findings and Recommendation.

It is further RECOMMENDED:

This action is DISMISSED without prejudice pursuant to Local Rule 183(b) for Plaintiff's failure to prosecute.

NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).  These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  ***Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.***

Dated:    April 28, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3